IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Turner, Jr., <br>     Petitioner, <br> vs. <br> Dora B. Schriro, et al., <br>     Respondents. | CV 05-2209-PHX-SMM (MS) <br><br> **REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE:**

Petitioner, while confined at the Arizona State Prison in Bucyeye, Arizona, filed a "Petition for Writ of Habeas Corpus By A Person in State Custody Pursuant to 28 U.S.C. § 2254" ("Petition") on July 26, 2005. [Doc. # 1].  The Petition contains four grounds for relief:

<u>Ground One</u>: Petitioner's rights under the Due Process Clause were violated because Petitioner is forced to serve additional time beyond the term of his court ordered sentence.

<u>Ground Two</u>:  Petitioner's rights under the Due Process Clause were violated when one of Petitioner's post-conviction petitions was denied as procedurally barred.  Further, Petitioner argues that he is entitled to the benefits of release credits under prior Arizona law.

<u>Ground Three</u>: Petitioner challenges the state's calculation of good time credits as Petitioner argues his sentence has expired.

<u>Ground Four</u>: Petitioner argues that Respondents have not completed an accurate calculation of Petitioner's release date as he is entitled to "2 for 1" good time credits under prior Arizona law.

In their Answer, Respondents contend that the Petition was not filed within the one-year time limit imposed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] [Doc. # 9]. Specifically, Respondents conclude that the Petition was untimely because the statute of limitations expired on September 26, 1998, and Petitioner's habeas petition was not filed until July 26, 2005.

The Court directed Petitioner to file a Reply addressing Respondents' timeliness argument by March 10, 2006 (Doc. # 10). Petitioner did not file a Reply.

Upon consideration of the Petition, Answer, and record in this case, the Court reports and recommends as follows:

**I.    PROCEDURAL BACKGROUND**

Petitioner's federal habeas petition challenges his sentences on a combination of three state court convictions for robbery. Petitioner has challenged all three of his convictions because of their cumulative effect on his sentence for his last conviction. The procedural history of all of Petitioner's robbery convictions at issue are detailed below.

On May 8, 1975, an information was filed in Maricopa County Superior Court, case number CR-87707, charging Petitioner with one count of attempted burglary in the first degree. [Doc. # 9, Ex. A]. Following a bench trial, Petitioner was found guilty,[2] and on October 3, 1975 Petitioner was sentenced to a suspended sentence and placed on probation for a period of two years. [Doc. # 9, Ex. C].

On December 29, 1975, an information was filed in Maricopa County Superior Court, case number CR-90994, charging Petitioner with two counts of armed robbery. [Doc. # 9, Ex. D]. Following a bench trial, Petitioner was found guilty,[3] and on March 24, 1976 Petitioner was sentenced to concurrent terms of 10 to 20 years' imprisonment.

---

[1]   28 U.S.C. § 2244(d)(1).

[2]   Petitioner waived his right to a jury trial. [Doc. # 9, Ex. B].

[3]   Petitioner again waived his right to a jury trial. [Doc. # 9, Ex. E].

[Doc. # 9, Ex. G]. Petitioner was also sentenced to 7 to 7.5 years' imprisonment for violation of probation in case number CR-87708. This sentence was to run concurrently with the sentences imposed in case number CR-90994. [Doc. # 9, Exs. F and G].

Petitioner filed a petition for post-conviction relief ("PCR") challenging his convictions and sentences in both CR-87707 and CR-90994 on November 27, 1978. [Doc. # 9, Ex. H]. The trial court denied relief on February 22, 1979. [Doc. # 9, Ex. I]. Petitioner filed a petition for review in the Arizona Court of Appeals on March 28, 1979. [Doc. # 9, Ex. J]. On March 4, 1980, the Arizona Court of Appeals denied relief. [Doc. # 9, Ex. K]. The Order and Mandate issued on March 27, 1980. [Doc. # 9, Ex. L].

On April 11, 1983, an indictment was filed in Maricopa County Superior Court, case number CR-132970, charging Petitioner with one count of armed robbery, a class 2 dangerous felony. [Doc. # 9, Ex. M]. Petitioner was found guilty following a jury trial on July 1, 1983. [Doc. # 9, Ex. N]. Petitioner was sentenced to a term of life imprisonment with no possibility of parole for 25 years after the trial court determined that Petitioner had committed the instant offense while on parole. [Doc. # 9, Ex. O]. The Arizona Supreme Court affirmed Petitioner's conviction and sentence on May 9, 1984, and the Order and Mandate issued on June 5, 1984. [Doc. # 9, Exs. P and Q].

Petitioner filed his second petition for post-conviction relief challenging all three robbery convictions on July 6, 1988. The petition was dismissed on December 22, 1988. [Doc. # 9, Exs. R and S].

The Arizona Board of Executive Clemency recommended a commutation of Petitioner's sentence from 99 years to 21 years on April 24, 1995. [Doc. # 9, Ex. T]. As a result, on March 24, 1997, Petitioner filed a third petition for post-conviction relief averring that the sentence commutation became effective automatically when the Governor did not act on the Arizona Board of Clemency's recommendation within 90 days. [Doc. # 9, Ex. U]. The trial court dismissed Petitioner's post-conviction petition on September 25, 1997, articulating that Petitioner's reliance on State v. Tarango, 914 P.2d 1300 (Ariz. 1996) was misplaced. The trial court further determined that it had no

jurisdiction over the disproportionality review process, and therefore could not entertain Petitioner's claims. [Doc. # 9, Ex. V].

Petitioner filed his fourth petition for post-conviction relief on January 14, 2002 alleging newly discovered evidence. [Doc. # 9, Ex. W]. Petitioner raised the same argument proffered in his second PCR petition, that the Arizona Board of Executive Clemency's recommendation to commute Petitioner's sentence became effective after the Governor failed to act within 90 days of the recommendation. The trial court dismissed Petitioner's petition on February 7, 2002, stating that Petitioner had already raised this claim in a prior petition, and it had already been dismissed for lack of jurisdiction. [Doc. # 9, Ex. X].

Petitioner filed a state petition for writ of habeas corpus on April 4, 2002 raising the same argument regarding the commutation of his sentence as he had raised in previous petitions for PCR. [Doc. # 9, Ex. Y]. The trial court recharacterized Petitioner's state habeas petition as a special action, and granted the State's motion to dismiss the action. [Doc. # 9, Ex. Z].

Petitioner then filed a petition for writ of habeas corpus in this Court on June 28, 2002. [See CIV 02-1210-SMM-MS, Doc. # 1]. On July 9, 2002, this Court ordered that Petitioner's petition be dismissed with leave to amend, and directed the Clerk to dismiss the action without prejudice if Petitioner failed to file an amended petition as instructed in the Court's Order. Petitioner failed to comply and the Clerk subsequently dismissed Petitioner's habeas petition without prejudice on August 29, 2002. [CIV 02-1210-SMM-MS, Doc. # 4].

Petitioner filed a notice of post-conviction relief on June 16, 2005 challenging all three of his robbery convictions, arguing that the Arizona Department of Corrections miscalculated his good time jail credits and parole eligibility dates. [Doc. # 9, Ex. AA]. The trial court dismissed Petitioner's petition on August 4, 2005, stating that because the Department of Corrections was not a party to his criminal case, he could not obtain relief in a PCR proceeding based on arguments against the Department of Corrections.

The court further articulated that Petitioner failed to demonstrate that he was being held in custody beyond the expiration of his sentence.  [Doc. # 9, Ex. BB].

Petitioner filed the instant habeas petition on July 26, 2005. [Doc. # 1].[4]

## II.  ANALYSIS

### A.  Whether Statutory or Equitable Tolling Renders Petitioner's Federal Habeas Petition Timely

Under 28 U.S.C. § 2244(d)(1)(A), state prisoners have one year from the date on which their convictions become "final" to commence federal habeas corpus proceedings.  28 U.S.C. § 2244(d)(1)(A).  Because Petitioner's convictions were final before the effective date of AEDPA, the 1 year statute of limitations did not begin to run until April 24, 1996, the effective date of AEDPA.  See Calderon v. U.S. Dist. Ct., 128 F.3d 1283, 1287 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S.Dist. Ct., 163 F.3d 530 (9th Cir. 1998), itself abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

Pursuant to section 2244(d)(2) of AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. §2244(d)(2).  An application for collateral review is pending during all of the time in which a state prisoner is "attempting, through proper use of state court procedures, to exhaust state remedies. . . ." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

At the time AEDPA became effective, Petitioner's third Petition for post conviction relief was pending in the trial court.  [Doc. # 9, Ex. U].  As a result, the statute of limitations was tolled while Petitioner's PCR petition was under consideration.  When the trial court dismissed Petitioner's petition on September 25, 1997, the statute of

---

[4] The Court is assuming that Petitioner's instant habeas petition does not contravene AEDPA's prohibition of filing a second or successive petition without first obtaining the authorization of the Ninth Circuit Court of Appeals.  See §2244(b)(3)(A). Respondents have not raised this issue.

limitations began to run, and subsequently expired on September 26, 1998. Barring any other tolling, Petitioner's instant habeas petition is untimely as it was filed on July 26, 2005, nearly seven years later.

Petitioner did not file a Reply to address any of the arguments advanced by Respondents. However, there are no scenarios which would render Petitioner's petition timely. Even if this Court tolled the 30 days within which Petitioner could have petitioned the Arizona Court of Appeals for review of the trial court's dismissal of Petitioner's third PCR petition on September 25, 1997, Petitioner's instant habeas petition would still be untimely by several years.

Moreover, as Respondents note, Petitioner's subsequent PCR petitions, filed on January 14, 2002 [Doc. # 9, Ex. W], April 4, 2002 [Doc. # 9, Ex. Y], and June 16, 2005 [Doc. # 9, Ex. AA], do not restart the federal habeas statute of limitations. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Smith v. McGinnis, 208 F.3d 13, 15-17 (2d Cir. 2000). Even if this Court determined that Petitioner's instant habeas petition is an extension of the petition he filed on June 28, 2002, see CIV 02-1210-SMM-MS, Doc. # 1, Petitioner's June 28, 2002 petition would still be untimely by nearly four years. Ultimately, AEDPA's statute of limitation expired on September 26, 1998, and none of Petitioner's actions after that date alter that determination.

The outcome does not change even if this Court were to assume that Petitioner's last PCR petition, which challenged the same issues being presented in the instant habeas petition, could not have been filed before June 16, 2005 because Petitioner could not have discovered the factual predicate of the claim through due diligence before the date of filing. 28 U.S.C. § 2244(d)(1)(D). Put another way, even if June 16, 2005 was the earliest possible date that Petitioner could have presented his claim on his good time and copper time jail credits and the computation of his sentence, Petitioner's claim still cannot be reviewed on its merits because Petitioner failed to exhaust that claim in the state courts. 28 U.S.C. §2254(b)(1)(A).

Under the exhaustion doctrine, a petitioner must present his claims to the state courts on direct appeal or through collateral proceedings before a federal court will consider a habeas corpus petition. Rose v. Lundy, 455 U.S. 509 (1982); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir. 1985). Specifically, exhaustion requires that a petitioner either fairly present his or her claims to the Arizona Court of Appeals, Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999)(stating that "except in habeas petitions in capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them"), or show that no state remedies remain available. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citing Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982). To satisfy the fair presentation requirement, a petitioner must fairly present the "substance of federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995). See also Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 278 (1971); Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004). Here, the Maricopa County Superior Court docket indicates that Petitioner failed to appeal the trial court's August 4, 2005 dismissal of his notice of post-conviction relief. As a result, even if this Court were to determine Petitioner's claim regarding good time and copper time jail credits was timely, it still cannot be considered on its merits because of Petitioner's failure to exhaust.

Moreover, Petitioner has failed to reply to Respondents' answer, and therefore has not presented any argument in support of his habeas petition. Specifically, Petitioner has failed to establish cause and prejudice or a fundamental miscarriage of justice. Dretke v. Haley, 541 U.S. 386, 393 (2004).

**B.  Equitable Tolling**

Petitioner has not made any argument for equitable tolling. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) articulated that extraordinary circumstances must be present in order for a court to find equitable tolling. Petitioner's failure to proffer any

1  argument forecloses the possibility of equitable tolling, as the Petitioner bears the
2  burden of demonstrating extraordinary circumstances. Id. (citing Spitsyn v. Moore, 345
3  F.3d 796, 799 (9th Cir. 2003).

### III. RECOMMENDATION

Based on the foregoing analysis,

IT IS **RECOMMENDED** that Petitioner's "Petition for Writ of Habeas Corpus By A Person in State Custody Pursuant to 28 U.S.C. § 2254" (Doc. # 1) be **DENIED** and **DISMISSED** in its entirely as untimely filed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED this 27th day of April, 2006.

_____
Morton Sitver
United States Magistrate Judge